Plaintiff's Name Steven Brooks

Prisoner No. K-16234

Institutional Address San Quentin Rehabilitation Center

5-N-37Low

San Quentin, California 94974

Number of pages 16
Received on 10-13-26
Scanned/emailed on 10-13-26
by CS at SQRC
for the Northern District of California.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

STEVEN BROOKS
*(Enter your full name)*

v.

J. Macomber, Teri Hardi, Chance Andes
G. Henderson T. Ascencio, A. Gonzales
Z. Robberecht of CDCR and Jesse Vasquez
Executive Director of Partner Org.
*(Enter the full name(s) of all defendants in this action)*

Case No. 3:26-cv-11970-CRB
*(Provided by the clerk upon filing)*

**COMPLAINT BY A PRISONER UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983**

## I. Exhaustion of Administrative Remedies.

*You must exhaust available administrative remedies before your claim can go forward. The court will dismiss any unexhausted claims.*

A. Place of present confinement San Quentin Rehabilitation Center

B. Is there a grievance procedure in this institution? ☒ YES ☐ NO

C. If so, did you present the facts in your complaint for review through the grievance procedure?
☒ YES ☐ NO

D. If your answer is YES, list the appeal number and the date and result of the appeal at each level of review. If you did not pursue any available level of appeal, explain why.

1. Informal appeal: Bypassed

2. First formal level: Appeal no. 949002, final decision 8/25/2026

3. Second formal level: Final decision made at first level

4. Third formal level: Final decision made at First level

E. Is the last level to which you appealed the highest level of appeal available to you?
☒ YES ☐ NO

F. If you did not present your claim for review through the grievance procedure, explain why.
nonapplicable

## II. Parties.

A. If there are additional plaintiffs besides you, write their name(s) and present address(es).
Steven Brooks

B. For each defendant, provide full name, official position and place of employment.
J. Macomber, Secretary of CDCR, Teri Hardy Spokesperson, Chance Andes, Warden of San Quentin, Correctional officers G. Henderson, T.Ascencio, A. Gonzales, Z. Robberecht and Jesse Vasquez, Execitve Dir. of Pollen Initiative a Partner organization with CDCR (see Page Complaint page 2 of 13)

## III. Statement of Claim.

State briefly the facts of your case. Be sure to describe how each defendant is involved and to include dates, when possible. Do not give any legal arguments or cite any cases or statutes. If you have more than one claim, each claim should be set forth in a separate numbered paragraph.
Defendants Jeff Macomber and Jesse Vasquez created a contract that is being enforced against incarcerated journalist, which prohibits them from writing for publications outside prison walls and receiving compensation for their writing. On June 18, 2026, Defendant Teri Hardy contacted Bay City News and issued warnings and threats about an article Plaintiff published on June 16,

about San Quentin's $239M Learning Center sitting empty. Within one day of the articles publication, the prison Investigative Services Unit ransacked the plaintiff's cell and took his laptop computer. Defendant G.Henderson took plaintiff to the Triage Treatment Area (TTA) for an interregation, read him his Miranda rights and told Plaintiff he is under investigation for "illegal business dealings." Within a month Plaintiff was issued a serious rule violation report for "unauthorized business dealings" for writing news articles and receiving compensation. The false and manufactured report was based on a biased search of Plaintiffs laptop and Securus tablet. Plaintiff was accused of running a for-profit substack and collecting $300 for three seperate articles. Plaintiff was found guilty of the rule violation under section 3024 of the California Code of Regulations tile 15. ( attached Complaint page 1 of 13 through 13 of 13). Plaintiff alleges First Amendment retaliation and violations of State Law under California Penal Code section 2600,2601 and the Tom Banes Act. The contract created by Pollen Initiative and enforced by CDCR is an illegal and unconstitutional contract designed to chill the speech of incarcerated writers and artist and prevent them from receiving compensation.

## IV. Relief.

Your complaint must include a request for specific relief. State briefly exactly what you want the court to do for you. Do not make legal arguments and do not cite any cases or statutes.

1. enjoin defendants from enforcing illegal contract and expunge rule violation report as a form of injunctive relief. 2. Declare the Defendants violated First Amendment and State Law. 3. Grant compensatory damages and punitive damages according to proof

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed on: October 13, 2026 ____________________ [signature]
Date — Signature of Plaintiff

Steven Brooks K16234
San Quentin Rehabilitation Center
5-N-37L
San Quentin, CA. 94974

Plaintiff: In Pro Per

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

STEVEN BROOKS,
Plaintiff,

Vs.

Jeff Macomber, Tefi Hardy, Chance Andes G. Henderson, T. Ascencio, A. Gonzales, Z. Robberecht, Jesse Vasquez, The California Department of Corrections And Rehabilitation and Pollen Initiative Does 1-10
Defendants
______________________________________/

Case No.__________________

COMPLAINT FOR VIOLATIONOOF CIVIL RIGHTS UNDER 42 U.S.C. SECTION 1983

(DEMAND FOR JURY TRIAL)

INTRODUCTION

1. This is a Civil Rights action for declaratory, injunctive, and monetary relief under 42 U.S.C. Section 1983 to redress the violation of Plaintiff's rights secured by the First Amendment to the United States Constitution and for State Law violations.

2. Plaintiff Steven Brooks, an award-winning journalist who is incarcerated at San Quentin Rehabilitation Center, alleges that Defendants acting under color of state law, retaliated against him for writing articles they perceive to be critical of the prison, by manufacturing a false rule violation report for "unauthorized business dealings" for Plaintiff writing and receiving compensation for his journalism. The Defendants are further engaged in a systematic practice of censoring prison journalism by forcing

incarcerated writers to comply with unconstitutional and fraudulant contracts created by Defendant Jesse Vasquez and the nonprofit partner organization known as Pollen Initiative. This fraudulant contract prohibits incarcerated journalist at San Quentin News and freelancers from writing for outside publications or receiving compensation for their writing without vetting and approval from the prison administration. The illegal contracts also prohibit the writer from using prison resources to write articles and claims ownership entitlement of any journalist writings who use San Quentin News or other State resources. Plaintiff did not sign the unconstitutional contract approved by the California Department of Corrections and Rehabilitation (CDCR) and as a result he has been given a manufactured rule violation report in retaliation.

3.Pollen Initiative is the fiscal sponsor that purcahses all equipment used to produce the San Quentin News content. CDCR has partnered with the nonprofit to use as a storefrontto control the content of the publication and to use ittas an intermediary to control the speech of its writers, to control intellectual property and any potential compensation or publication in other news media outlets.

4. As a result of the unconstitutional contract, Plaintiff Steven Brooks was read his Miranda rights, threatened with arrest and prosecution, and given a serious prison rule violation report for writing articles and receiving compensation without the Wardens approval. Plaintiff was subject to a biased investigation and found guilty of owning a Substack Newsletter and running it as a for profit business. The newsletter titled: "In Proximity" wasccreated and is owned and controlled by Christa Scharfenberg. The content is free to subscribers. But Defendants manufactured a false rule violation

report to retaliate, punish, and attempt to silence Plaintiff's protected speech. Defendants actions are not related to any legitimate penological objective and violate clearly established civil and Constitutional rights of journalists and authors.

JURISDICTION AND VENUE

5. Venue is proper in the Northern District of California pursuant to 28 U.S.C. Section 1391 (b) because a substantial part of the events or omissions giving rise to the claims ocurred in the district, and because Defendants at CDCR, Pollen Initiative, and San Quentin Rehabilitation Center (SQRC) are located or doing business in this district.

PARTIES

6. Plaintiff Steven brooks is an individual incarcerated at SQRC, located in San Quentin. He is a freelance journalist and former editor-in-chief of San Quentin News.

7. Defendant CDCR is a department of the State of California responsible for the operation of the State prison system, including SQRC, and for partnerships with Community-based Organizations, including Pollen Initiative.

8. Defendant Jeff Macomber is the Secretary of CDCR and oversees all its operations. He is sued in his official capacity for declaratory and injunctive relief, and in his individual capacity for damages. At all times relevant, Defendant Macomber acted under color of State law and was responsible for the policies. practices, and customs of CDCR and its partnerships.

9. Defendant Teri Hardy is, and at all times relevant was, a Spokesperson for CDCR. Defendant Hardy is sued in her individual capacity for anJune 18, 2026 email sent to Bay City News Foundation, Local News Matters and

and SQRC which attempted to silence Plaintiff's journalism and which led to a biased investigation and search of Plaintiff's authorized education laptop and Securus tablet communications and a rule violation report for "unauthorized business dealings."

10. Defendant Chance Andes is the Warden of SQRC. he is sued in his offical capacity for declaratory and injunctive relief, and in his individual capacity for damages. At all times relevant, Defendant Andes acted under color of state law and was responsible for the supervision, policies, and actions of officials at SQRC.

11. Defendant Pollen Initiative is a nonprofit corporation in partnership and acting in concert with CDCR, to manage and control inmate publications within CDCR facilities, including San Quentin News. At all times relevant Pollen Initiative was a State actor, acting under color of State law and as an agent of CDCR.

12. Defendant Jesse Vasquez is the Executive Director of Pollen Intiative. He is sued in his official capacity for declaratory and injunctive relief, and in his individual capacity for damages. At all times relevant, Defendant Vasquez acted under color of state law and was responsible for implementing and creating the unconstitutional contracts designed to control inmates speech, intellectual property rights and rights to earn compensation on behalf of CDCR and San Quentin.

13. Defendant G. Henderson is, and at all times relevant was, a correctional officer employed by CDCR at SQRC, assigned to the Investigative Services Unity("ISU"). Defendant Henderson searched Plaintiffs authorized laptop and authorized Securus tablet technology conducting a biased investigation against Plaintiff for his journalistic activities. Defendant Henderson

read Plaintiff his Miranda rights and threatened to have him arrested and prosecuted for his journalism and receiving compensation. He also wrote the false and manufactured disciplinary report for "unauthorized business dealings." Defendant Henderson is sued in his individual capacity.

14. Defendant T. Ascencio is and at all times was, an ISU Sergeant employed by CDCR at SQRC. Defendant Ascencio reviewed and approved the retaliatory rules violation report authored by Defendant Hendersom, allowing the false charge to proceed through the disciplinary process. Defendant Ascencio is sued in his individual capacity.

15. Defendant Z. Robberecht is, and at all times relevant was the Captain employed by CDCR at SQRC. Defendant Robberecht classified the retaliatory rules violation report as a "serious" violation, thereby elevating it to the highest level of disciplinary severity and subjecting plaintiff to the most severe punishment. Defendant Robberrecht is sued in his individual capacity.

16. Defendant A. Gonzales is, and at all times relevant was, a lieutenant employed by CDCR at SQRC. Defendant Gonzales served as the disciplinary hearing officer who found Plaintiff guilty of the false manufactured rule violation report without justification or evidence of any wrongdoing. Defendant Gonzales is sued in his individual capacity.

STATEMENT OF FACTS

17. Plaintiff Steven brooks is an accomplished journalist and writer whose work has appeared in national publications such as TIME Magazine and Sports Illustrated.He previously worked as Editor-in-Chief of San Quentin News, a newspaper publication written and produced by the incarcerated.

18. San Quentin News is financially supported by Defendant pollen Initiative

who works in partnership with Defendant CDCR to manage and control inmate publications at various CDCR facilities. Defendant Pollen Initiative acts as a storefront and intermediary between CDCR and journalists and some former and current CDCR employees exert influence over Pollen operations.

19. Defendant CDCR and Pollen Initiative openly assert that the State of California owns the work product of the incarcerated journalist. Pollen Press, the public facing arm of Pollen Initiative, explicitedly states on its website: "Each publication below is owned by its repective State's department of corrections and Supported by Pollen Initiative.

20. In furtherance of this ownership claim, San Quentin News has adopted a formal policy stating that, "all submissions become property of the San Quentin News and the State. This policy operates as an unlawfulseizure of the intellectual property of incarcerated writers.

21. To enforce this scheme, CDCR and Pollen Initiative require incarcerated journalists who wish to participate in San Quentin News to sign restrictive contracts. These contracts prohibit incarcerated writers from publishing in any outside publication and receiving and compensation from another publication or profiting from their writing.

22. Defendants are using these unconstitutional contracts to attempt to prevent plaintiff from publishing and receiving compensation.

23. Plaintiff has been writing articles for more than six years. Defendants began attempting to enforce their illegal contract on Plaintiff after he wrote articles they perceived as critical of a multimillion dollar renovation plan for San Quentin. On June 18, 2026, Defendant Teri Hardy sent an email to Bay City News Foundation Local News Matters making several demands of Plaintiffs article and accusing him of having a lack of journalistic

integrity.

24. Soon after this email was sent, Investigative Service Unit Officers came came to Plaintiff's cell and ransacked itand took his authorized college computer laptop. They searched Plaintiff's laptop and Securus tablet looking for a pretextual reason to prosecute Plaintiff for a crime. Defendant Henderson used the information he gathered from his biased investigation to write a serious rule violation report against the Plaintiff.

25. Defendant Hendersons actions were designed to help CDCR and Pollen to enforce an illegal contract created by Pollen Initiative to chill the protected speech of incarcerated writers and journalist.

26. Defendant Henderson read Plaintiff his Miranda rights and threatened to have Plaintiff arrested and prosecuted for writing articles and receiving compensation in violation of the illegal contract created by Pollen Initiative and Executive Director Defendant Jesse Vasquez.

27. Defendant Henderson falsely accused Plaintiff of creating and owning a for profit business called "In Proximity" which is a Substack Newsletter. The rule violation report alleged Plaintiff was selling subscriptions to the public andmade $300 for three seperate articles published on Substack. This is false.

28. The "In Proximity" newsletter on Substack was created and is owned by Christa Scharfenberg and the public is able to access it for free. The plaintiff writes articles and Scharfenberg edits and posts these articles. Defendants completely ignored this and found Plaintiff guilty of violating prison rules that are out of compliance with an illegal contract created by pollen Initative and being enforced by CDCR.

29. All the Defendants in this action acted in concert to retaliate against

Plaintiff for exercising his right to free speech, press, and to publish his manuscripts and receive compensation for his intellectual property as garunteed by State and federal Constitutional law. They are each acting in concert to enforce an illegal contract created by Defendant Vasquez and pollen Initiative designed to control incarcerated journalists.

30. Defendants are well aware that California Penal Code Section 2601 (a) grants incarcerated persons the statutory right to "own, sell, or convey..all written or artistic material produced or created by the person during the period of incarceration."

31. Defendants are well aware that the California Supreme Court has long recognized an "inmates right to own his manuscripts and sell them" as an inmates civil rights and prison rules that arbitrarily diminish that right by seizing ownership or profits are a nullity." (See In re Van Geldern 5 Cal. 3d. 832, 839 (1971).)

32. Defendants are aware that the California Supreme Court has held that the prison may not censor or discipline inmates writing "merely because it disagrees with the views presented, objects to inmate criticism of administrative policy, or seeks to avoid discussion of controversial issues." (see Bailey v. Loggins, 32 Cal. 3d 907, 915 (1982).)

32. Each of the Defendants actions were done in deliberate and callous indifference to State law.

33. As a direct and proximate result of Defendants deliberate conduct of enforcing illegal contracts targeting incarcerated journalist, Plaintiff received a serious rule violation report, loss of credits, privileges, and a potential opportunity for parole, in retaliation for exercising his First Amendment right to free and protected speech.

34. California Penal Code Section 2600 (a) provides that a prisoner may be deprived of such rights only when the restriction "is reasonably related to legitimate penological interest."

35. Plaintiff has been found guilty of a fraudulant rule violation.California Code of Regulations, Title 15 Section 3024 prohibts inmates from engaging in a "budiness," which is defined as "any revenue generating or profit-making activity." In Proximity" is a platform created and owned by Christa Scharfenberg and it does not generate any revenue. Plaintiff cannot be guilty under the plain language of the regulation.

CAUSE OF ACTION

**Count 1-Violation of First Amendment Content based restrictions on Speech and Press and Retaliation against the exercise of a protected right (Against all Defendants)**

36. Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

37. Defendants, acting under color of state law, have implemented and en enforced an illegal policy, underground rule or contract, prohibiting the plaintiff from publishing written articles and manuscripts in publications outside prison walls and from receiving compensation for his manuscripts. These content-based restrictions on free speech and the press are not reasonably related to legitimate penological interests. there is no valid or rational connection between these blanket prohibitions and prison security or rehabilitation and are simply being used to chill speech unfavored by the prison.

38. Defendants are infringing upon Plaintiff's rights to ownership and to sell or convey his intellectual property and artistic works. They are attempting to control or censor Plaintiff by requiring him to be vetted and

approved by prison administrators before he publishes his written work and by retaliating against him for not abiding by an unconstitutional contract created by Defendant Jesse Vasquez and Pollen Initiative.

39. Plaintiff's journalism, including his writing for"In Proximity" and other publications, about prison conditions and criminal justice reform is expressive conduct protected by the First Amendment. Prison officials may not punish an inmate for statements protected by the First Amendment.

40. Defendants took adverse actions against Plaintiff through a chain of retaliatory conduct. Defendant CDCR and Pollen Initiative created an illegal contract; Defendant Teri Hardy tried to silence or control Plaintiffs speech published at Bay City News Foundation; Defendant Henderson authored a false rule violation report for Plaintiff publishing and receiving compensation; Defendant Ascenio approved the false report; Defendant Robberecht classified it as "serious" to inflict maximum punishment; and Defendant Gonzales found Plaintiff guilty, completing ignoring Plaintiffs rights and evidence that demonstrated that he committed no rule violations.

41. The issuance of a false rule violation report is an adverse action that would chill the First Amendment rights of a person of ordinary firmness. A finding of guilt for a serious rule violation leads to credit loss, loss of privileges, programming opportunities and and opportunity to be paroled.

42. Plaintiffs protected speech was a substantial motivating factor for Defendants decisions to take adverse action. Each Defendant in the chain had an opportunity to halt the adverse action and did nothing. Defendant Andes is the Warden and was fully aware of the retaliatory actions being taken against the Plaintiff and fully supported these actions by his refusal to stop these unconstitutional actions.

**Count 2-Violation of Tom Banes Civil Rights act Under California Civil Section 52.1 (Against all Defendants)**

43. Plaintiff re-alleges and incorporates by reference each and every paragraph set forth as though fully set forth herein.

44. This cause of action is brought pursuant to California Civil Code Section 52.1 (c)) which provides that "[a]ny individual whose exercise or enjoyment of rights secured by the Constitution or laws of the United States or of rights secured by the Constitution or laws of this State, has been interferred with, or attempted to be interfered with, as described in subdivision (b)may institute and prosecute in their own name on their own behalf a civil action for damages, including but not limited to, damages under section 52, injunctive relief and other appropriate equitable relief."

45. At all times relevant, Plaintiff possessed statutory rights secured by California Penal Code Section 2600, subd. (a), which provides that "incarcerated persons may be deprived "of such rights" and only such rights as is reasonably related to legitimate penological interests," and which thereby preserves the right of incarcerated people to own, publish, and sell their manuscripts and artistic work. (see In re Van Geldern 5 Cal. 3d 832; Penal Code Section 2601.)

46. Defendants acting under color of state law, and through their joint authority over prison media at SQRC media center, interfered with and attempted to interfere with Plaintiffs exercise and enjoyment of these rights by creating, implementing, and enforcing an illegal contract that prohibits journalists incarcerated, including Plaintiff from publishing his writing outside prison walls and receiving compensation for his work.

47. Defendants interference was accomplished by threats, intimidation, and coercion, in that Defendants conditioned plaintiffs continued journalistic

activites on a contract created for journalist at San Quentin News, which created the illegal requirement that Plaintiff refrain from publishing and receiving compensation, without vetting or approval from the prison, and by threatening to have Plaintiff arrested, charged and prosecuted for violating the illegal contract.

48. Defendant Henderson interfered with or attempted to interfer by summoning Plaintiff to a Treatment and Truage Area for an interrogation. He read Plaintiff his Miranda rights and told him he was under a criminal investigation for "unauthorized business dealings" related to his writing. Defendant Henderson threatened Plaintiff with charges and prosecution fort exercising his State and Federal Constitutional and statutory rights.

49. Defendants acted with Specific Intent to interfere with Plaintiff's Constitutional and statutory rights.

50. As a direct and proximate result of Defendants conduct Plaintiff has suffered damages, including but not limited to loss of opportunites to publish and by receiving a fraudulant rule violation report for exercising his Constitutional and statutory rights, which led to loss of credit, privileges and programming opportunites, including a loss of parole opportunity due to having a disciplinary infraction.

51. Plaintiff has complied with all prerequisites to filing this action, including filing a grievance and a California Government Claim Act (Govt. CodemSection 900 et seq) application, by presenting it to the appropriate public entities prior to filing this action. The claim has been rejected or is deemed rejected.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Steven Brooks, respectfully prays that this court enter judgment in his favor and against Defendants and grant the following:

A. A declaration that the defendants actions violated Plaintiffs rights under the First Amendment to the United States Constitution, State Law, and the Tom Banes Act.

B. Injunctive relief ordering defendants and its successors, in their official capacity to 1. immediately expunge the rule violation report for unauthorized business dealings, and 2, Enjoin defendants from enforcing the illegal contract that prohibits incarcerated writers from publishing and receiving compensation for their manuscripts and from retaliating against incarcerated people who exercise their Constitutional and statutory rights.

C. Compensatory damages in the amount to be determined at trial against all defendants, in their individual capacities, for harm suffered by Plaintiff.

D. Punitive damages against defendants, in their indivdual capacities, for their malicious, willful and reckless disregard for plaintiffs clearly established constitutional rights.

E. Attorney fees and costs of this action.

F. Such other and further relief as deemed necessary by court.

DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all triable issues.

Dated: October 13, 2026

Respectfully Submitted,

Steven Brooks K16234
San Quentin Rehabilitation Center
In Pro Per